# Morgan et al v. Hazard Lumber & Supply Company.

(Decided February 26, 1929.)

SAUFLEY & WARD for appellant.

W. W. REEVES for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

Dr. G. W. Morgan bought from the Hazard Lumber
& Supply Company material for certain work on his residence; the lumber company, the bill not being paid, filed
a lien as provided by the statute, and brought suit to enforce its lien. Dr. Morgan pleaded as a counterclaim, in
substance, that the lumber company had received from
Troy Stacy, and converted to its own use, lumber belonging to him, amounting to $212.21, and prayed judgment
against it for the balance after deducting the amount of
plaintiff's claim. The circuit court on the proof gave
judgment in favor of the plaintiff. The defendant appeals. The facts are these:

Dr. Morgan made a written contract with Troy Stacy
by which Stacy agreed to furnish the material and build
the house for $5,800. The amount of the lumber that
would be required was estimated at $2,554.42. Stacy
made a contract with the Hazard Lumber & Supply Company to furnish the material, and it was agreed between
the three that Morgan would pay for the material as it
was delivered on the ground. As the material was delivered the bill was sent to Stacy, and a copy of the bill
mailed to Morgan. Morgan paid these bills, and in his
settlement with Stacy credited himself with the amount
so paid, $2,554.42. Stacy claims that he had finished the
contract; Morgan claims that the contract was not finished; Stacy claims that Morgan owed him about $300 for
extra work, and Morgan claims that there was over $100
of work which remained undone, and should have been
performed under the contract. Stacy removed his tools
and everything he had from the premises, including
some lumber embraced in the estimate and in fact not
used in the building, amounting to $212.21. Stacy took
this lumber back to the lumber company, and the lumber
company paid him for it.

The question presented is: Was this Stacy's lumber
or was it Morgan's lumber? On questions of fact like
this, this court gives some weight to the finding of the
chancellor, and does not disturb his finding when the
mind is left in doubt as to the truth. The testimony of
Morgan and Stacy is very conflicting. According to
Stacy, Morgan owes him $300; but according to Morgan,
Stacy owes him a somewhat smaller amount. But the
fact is that in the settlement between Morgan and Stacy,

Stacy was charged with the whole bill of lumber, $2,554.-42. The facts of the transaction support the conclusion that this lumber was in fact sold to Stacy and not to Morgan, and was in fact Stacy's lumber when Morgan, in the settlement with Stacy, credited himself with the whole amount of the bill. The amount which Morgan paid the lumber company on the lumber was money paid by Morgan for Stacy under his contract with Stacy, no less than any sums he may have paid Stacy's workmen. How the account stands between him and Stacy must be settled in an action between them. By a clerical error one of the credits on the bill was omitted, and judgment was entered against Morgan for $121.30, when the undisputed proof was that the true balance was $117.97. This clerical error may be corrected in the circuit court on the return of the case.

Judgment affirmed.